IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **LOIS MARTIN** | § | |
| | § | **Civil Action No. 3:10-cv-00260-O** |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | |
| **THE COUNTY OF DALLAS,** | § | |
| **and MARIO GUEVARA,** | § | |
| | § | |
| **Defendants.** | § | |

## PLAINTIFF'S MOTION TO COMPEL AND BRIEF IN SUPPORT

TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW**, Lois Martin ("Plaintiff") and files this Motion to Compel and Brief in Support (the "Motion"), and for cause, would respectfully show unto the Court as follows:

I.
## GROUNDS FOR THE MOTION

In accordance with Rule 26(a)(1)(C) and the Court's Order Requiring Scheduling Conference and Report for Contents of Scheduling Order, the parties Initial Disclosures were due no later than March 30, 2010. The County of Dallas ("Defendant") served its Initial Disclosures on April 16, 2010.[1] Defendant's Initial Disclosures are wholly inadequate.

Furthermore, on June 1, 2010, Plaintiff served her First Set of Interrogatories and First Request for Production on the County of Dallas. The County of Dallas served its

---

[1] A true and correct copy of Defendant Dallas County's Rule 26(a)(1) Initial Disclosures is attached hereto as Exhibit "A" and incorporated herein by reference as if set forth in full.

Response to Plaintiff's First Interrogatory to the County of Dallas and its Response to Plaintiff's First Request for Production to the County of Dallas on July 13, 2010.[2]

On September 17, 2010, Plaintiff's counsel contacted Defendant's counsel regarding Defendant's lack of document production.  On September 20, 2010, Plaintiff's counsel received an apologetic response indicating that Defendant would scan the documents and send them to Plaintiff.[3]  Defendant's counsel concluded her response with the following: "Again, I apologize.  If my tardiness causes you or your client any delaying in responding to any part of this case, *I will of course agree to whatever extension you might need*."

But, as of October 12, 2010, Plaintiff still had not received any documents from Defendant.  Thus, Plaintiff's counsel again contacted Defendant's counsel, this time attaching a draft motion to compel for purposes of conferring thereon.  On October 14, 2010, Defendant's counsel indignantly responded and back-tracked from her previous position of agreeing to an extension for the delay occasioned by Defendant's failure to comply in the discovery process.[4]  A few moments later, Defendant's counsel sent an apologetic e-mail acknowledging that she had never sent the promised documents to

---

[2] True and correct copies of Defendant Dallas County's Response to Plaintiff's First Interrogatory to the County of Dallas and Defendant Dallas County's Response to Plaintiff's First Request for Production to the County of Dallas are attached hereto as Exhibits "B" and "C" respectively and incorporated herein by reference as if set forth in full.

[3] A true and correct copy of Defendant's counsel's September 20, 2010 e-mail is attached hereto as Exhibit "D" and incorporated herein by reference as if set forth in full.

[4] A true and correct copy of Defendant's counsel's October 14, 2010 e-mail is attached hereto as Exhibit "E" and incorporated herein by reference as if set forth in full.

Plaintiff that she said she had.[5]  As of the date of filing this motion, Defendant has produced 25 pages of documents.

Plaintiff's discovery requests seek information relevant to the issues raised in this lawsuit.  But, Defendant has asserted numerous and unfounded objections.  Because Plaintiff's discovery requests are proper and Defendant's objections are unfounded, the Court should overrule Defendant's objections and compel Defendant to adequately respond within 10 days of the Court's order.

Additionally, because Defendant's discovery responses have delayed Plaintiff in obtaining necessary information for the prosecution of this lawsuit, Plaintiff requests that the discovery deadline in so much as it relates to taking depositions (currently scheduled to end on October 15, 2010) be extended as to Plaintiff only for a period of 45 days. Without Defendant's document production, Plaintiff has been unable to determine whether or not the individuals identified by Plaintiff as persons with knowledge of relevant facts and who are not friendly to Plaintiff needed to be deposed.  Extending the deadline for Plaintiff to depose a few individuals, if any, will not alter any other deadlines established in the Court's March 31, 2010 Scheduling Order; and Plaintiff is not asking that any other deadlines be disturbed.

---

[5] A true and correct copy of Defendant's counsel's second October 14, 2010 e-mail is attached hereto as Exhibit "F" and incorporated herein by reference as if set forth in full.

## II.
## ARGUMENT AND AUTHORITY

### A.    *The Court Is Authorized To Compel Discovery And Award Costs.*

The purpose of discovery is to allow the parties to obtain full knowledge of the facts so they can prepare for trial,[6] to avoid prejudicial surprise,[7] and to prevent delays at trial and conserve scarce judicial resources.[8] Discovery may be obtained about any matter that is relevant to the subject matter of the case.[9] Information is discoverable if it appears "reasonably calculated to lead to the discovery of admissible evidence."[10]

A party served with a discovery request must respond in writing within the time provided by the Federal Rules of Civil Procedure.[11] The burden is on the party resisting discovery to plead its objections. No matter how improper the discovery request, the party to whom the request is addressed must object, or else it waives any objection.[12]

An evasive or incomplete response, must be treated as a failure to respond.[13] If the Court grants the motion to compel, it must award reasonable expenses, including attorney's fees, unless: (1) the movant filed the motion before attempting in good faith to obtain the discovery without court action; (2) the respondent's position was substantially

---

[6] *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 756 F.2d 230, 236 (2nd Cir. 1985).

[7] *Brown Badgett, Inc. v. Jennings*, 842 F.2d 899, 902 (6th Cir. 1988).

[8] *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 304 (5th Cir. 1973).

[9] Fed. R. Civ. P. 26(b).

[10] *Id.*

[11] *See* Fed. R. Civ. P. 33(b)(1)(interrogatories); Fed. R. Civ. P. 34(b)(requests for production); Fed. R. Civ. P. 36(a)(requests for admissions).

[12] *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989).

[13] Fed. R. Civ. P. 37(a)(4).

justified; or, (3) other circumstances make an award of expenses unjust.[14]  Furthermore,

the burden is on the party resisting discovery to notify the other parties that it is withholding

information subject to a claim of privilege or work product.[15]   If a party asserts a privilege,

it must serve a response that includes information sufficient to allow the requesting party

to evaluate the applicability of the claimed privilege or protection.[16] Withholding materials

without notice to the other parties is sanctionable conduct under Federal Rule of Civil

Procedure 37(b)(2) and may result in waiver of a privilege or protection.[17]

**B.    *The Court Should Overrule Defendant's Objections To Plaintiff's Discovery Requests, Compel Defendant To Respond, and Extend the Time for Plaintiff to Take Depositions.***

**1.    Defendant's Initial Disclosures.**

The sum total of Defendant's Initial Disclosures state:

A.    Individuals Likely to Have Discoverable Information
There are no individuals likely to have discoverable information known to the County who are not also set forth in the Initial Disclosures the County received from the Plaintiff on April 1, 2010.

B.    Description of Documents and Things
There are no documents or things now known to the County to be relevant to this case which are not also set forth in the Initial Disclosures the County received from the Plaintiff on April 1, 2010, with these exceptions: (1) the personnel file of Lois Martin and (2) correspondence received by the County regarding the grievance of sexual harassment filed by Lois Martin and (3) Dallas County Policies regarding grievances and complaints of sexual harassment.  These documents will be produced upon a proper request for production under the

---

[14] Fed. R. Civ. P. 37(a)(4)(A); *Devaney v. Continental Am. Ins. Co.*, 989 F.2d 1154, 1159 (11th Cir. 1993).

[15] Fed. R. Civ. P. 26(b)(5).

[16] *Id.*

[17] *Dorf & Stanton Comm., Inc. v. Molson Breweries*, 100 F.3d 919, 923 (Fed. Cir. 1996).

---

federal rules.

Defendant's Initial Disclosures fail to give Plaintiff any information regarding this case, other than what Plaintiff already provided. While Defendant's disclosure provides some information that Defendant believes Plaintiff has identified the universe of witnesses and documents (with the few exceptions noted by Defendant), it fails to comply with Rule 26 in that Defendant fails to identify the subject matters of the witnesses knowledge. Furthermore, Defendant failed to provide copies of the documents it referenced or disclose the location of such documents. Finally, Defendant fails to disclose whether it has insurance that may be available to satisfy all or part of Plaintiff's claims.

### 2.    Plaintiff's First Set of Interrogatories.

To *Interrogatory No. 2*, which asked Defendant to "*identify by name, address and telephone number each person who you plan to call to testify live at trial and provide a brief description of the testimony you intend to elicit from each person*," Defendant responded that "[a]t this point the County has not determined who it will call to testify should this matter go to trial."

Defendant's response is insufficient. Plaintiff's request is necessary and relevant to the matters pending in this case. The information will help Plaintiff identify those individuals whose testimony Plaintiff would like to discover by way of a deposition. Defendant's failure to respond hamstrings Plaintiff's ability to evaluate this case and prepare for trial.

To *Interrogatory No. 3*, which asked Defendant to "*identify each and every particular allegation in Plaintiff's First Amended Complaint filed herein which you assert is false or inaccurate, detail specifically each and every way you assert such*

*allegation is false or inaccurate, and identify the true or accurate facts which demonstrate the falsity or inaccuracy of such allegations*," Defendant objected on the grounds that the interrogatory was multi-faceted and that it exceeds the permissible number of interrogatories -- 25.  Subject to its objections, the Defendant made a half-hearted attempt to substantively respond.

Defendant's objections lack merit.  First, the interrogatory is but a single interrogatory with a couple of subparts.  But, each subpart focuses on the single subject of the interrogatory -- the truth or falsity/inaccuracy of Plaintiff's allegations.  This interrogatory is relevant and will aid Plaintiff in narrowing the issues for trial.  Defendant's failure to adequately respond places all matters in issue, when ordinarily that is never actually the case.

From Defendant's attempt as providing substantive responses, it is obvious that Defendant has made no effort to investigate Plaintiff's allegations.  For instance, Paragraph 6 of Plaintiff's First Amended Complaint states in part, "[b]eginning in or around March, 2008, Martin was transferred to the Civil Division and placed under the supervision of Guevara...."   Defendant responded that the County is unable to determine if such allegation is true or false because the County was not privy to such events.  Obviously, Defendant, as Plaintiff's employer, should be able to verify such a statement and was certainly privy to where and how Plaintiff was employed.  In fact, most of Defendant's substantive answers assert that it was not privy to the events alleged in Plaintiff's First Amended Complaint.  But, as Plaintiff's employer, Defendant was obviously privy to the events.  Quite simply, Defendant just needs to question a few particular individuals under its control to gain the information necessary to adequately respond to this interrogatory.

To *Interrogatory No. 8*, which asked Defendant "*regarding any person listed by any party to this lawsuit as a person expected to testify at the trial of this matter, do you know of any evidence that any such witness has been charged with and/or convicted of a crime that was a felony or involved moral turpitude? If so, for each such witness, please identify the type of offense, cause number, court, and county of the offense*," Defendant responded that "[t]he County has not determined who it will call for trial of this action."

Defendant's response is insufficient. Plaintiff's request is necessary and relevant to the matters pending in this case. The information will help Plaintiff identify possible areas of impeachment for those witnesses who may be called to testify. Defendant's evasive response hamstrings Plaintiff's ability to evaluate this case and prepare for trial.

To *Interrogatory No. 12*, which asked Defendant to "*identify the factual and legal bases supporting your contention that Plaintiff's claims are barred by the Faragher/Ellerth doctrine...*," Defendant responded that "[t]he basis for this contention is set forth in the County's policy manual regarding sexual harassment. The Plaintiff's delay in complaining about sexual harassment is evidence of her failure to take advantage of opportunities provided to her to avoid harm."

Yet, Defendant has never provided Plaintiff with a copy of its policies regarding sexual harassment. Furthermore, Defendant's answer fails to address how Plaintiff's alleged delay in reporting the sexual harassment prevented her from avoiding harm or identify any supposed facts supporting Defendant's position that Plaintiff, in fact, delayed reporting the sexual harassment.

To *Interrogatory No. 13*, which asked Defendant to "*identify the factual and legal*

*bases supporting your contention that Plaintiff's claims for negligence is barred by the Texas Tort Claims Act*," Defendant directed Plaintiff to "[s]ee the Texas Tort Claims Act."

Defendant's response is insufficient.  Plaintiff's is fully aware that Defendant is relying upon the Texas Tort Claims Act.  Yet, Defendant fails to identify a single fact or legal position as to why Defendant contents that its immunity has not been waived thereby. For instance, Plaintiff alleges that she was sexually harassed by a cellular telephone, which Plaintiff contends is personal property under the Texas Tort Claims Act sufficient to trigger its waiver of sovereign immunity.  Defendant's response wholly fails to identify its position on Plaintiff's allegations.

To *Interrogatory No. 14*, which asked Defendant to "*identify by date and address each letter or other communication you, or anyone acting on your behalf, received from Plaintiff or her attorney regarding the claims made the basis of this lawsuit*," Defendant responded with an objection that the information requested is accessible to Plaintiff.

Defendant's response is insufficient.   This interrogatory is directly related to Defendant's defense that Plaintiff failed to provide it with adequate notice.  Plaintiff intends to use this response to demonstrate that Plaintiff did, in fact, timely provide written notice of her claims to the Defendant.

To *Interrogatory No. 15*, which asked Defendant to "*identify the factual and legal bases supporting your contention that Plaintiff failed to timely provide the County with written notice of her claim*," Defendant generally responded that "Plaintiff failed to submit a written notice of her claim ... within the applicable time restraints."

Defendant's response is insufficient.  Defendant's answer fails to identify the statute, code, regulation, or rule upon which Defendant relies, the time period in which Defendant asserts written notice was due by, and other relevant information necessary to enable Plaintiff to evaluate the strength or weakness of this defense asserted by Defendant.

3.      **Plaintiff's First Request for Production.**

To ***Requests Nos. 1, 4, 5, 6, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32 and 33*** Defendant did not assert any objections, but indicated that such documents would be produced.  Plaintiff asserts that Defendant's condition that such documents would be produced "at a time and place convenient to all counsel of record" is in appropriate under the rules and Plaintiff's Request for Production which required production at the office of Plaintiff's counsel within 30 days after service.  Notwithstanding, Plaintiff has specifically asked Defendant for a date and time to inspect the documents and was informed that Defendant would send the documents to Plaintiff.  Yet, as of the date of filing this motion, Defendant has only produced 25 pages of documents to Plaintiff.

To ***Requests Nos. 7, 8, 9, 10, 11, 12, 13, 14 and 16***, which requested the employee files for the employees Plaintiff has identified as persons with knowledge of relevant facts, Defendant objected on the grounds of relevance and privacy rights.  To the extent that any privacy rights are involved, Plaintiff will agree to the entry of an appropriate protective order and to return the information back to Defendant at the conclusion of this case.  Defendant's relevance objection, however, is both inadequate and unfounded.  First, Defendant fails to assert that such documents will not lead to the discovery of admissible information.  Second, the witnesses' employee files are relevant because they may have information therein related to statements they made regarding the harassment Plaintiff was subjected

to, may have information regarding other complaints about Mario Guevara or other hostile work environment occurring at Precinct 5, and may have information that would shed light on potential biases, prejudices, and/or disciplinary actions that may affect the witnesses' testimony or give rise to impeachment materials.   Plaintiff acknowledges that some information contained in an employee file, social security numbers, salary information, benefit information, child-support orders, for instance, is not relevant to the issues raised in this lawsuit and agrees that such information need not be produced or may be redacted. But, the Defendant's blanket objection to producing any information contained in the witnesses' employee files swings the pendulum too far.

**WHEREFORE PREMISES CONSIDERED**, Lois Martin respectfully prays that the Court rule upon all of The County of Dallas's objections; that Plaintiff's Motion to Compel be granted; that the discovery deadline be extended for Plaintiff to take any necessary depositions only; and, that Plaintiff be awarded such other and further relief, both in law and in equity, to which she may be justly entitled.

Dated:        Dallas, Texas
              October 15, 2010

                                        Respectfully submitted,

                                        By: _____
                                             Ryan K. Lurich
                                             State Bar No. 24013070

                                        4041 Reading Drive
                                        Plano, Texas 75093
                                        (469) 371-6751 (Telephone)
                                        (972) 776-5313 (Telecopier)
                                        rlurich@hotmail.com

                                        **ATTORNEY FOR PLAINTIFF
                                        LOIS MARTIN**

## CERTIFICATE OF CONFERENCE

This shall certify that the undersigned has conferred with counsel for Defendant, Dolena T. Westergard, Esq., regarding the merits of this motion. By correspondence dated October 14, 2010, Defendant indicated that it would not change its position regarding its objections. Accordingly, Plaintiff is filing this motion so that Defendant's objections may be ruled upon by the Court.

_____
Ryan K. Lurich

## CERTIFICATE OF SERVICE

I hereby certify that on October __15__, 2010, I caused the foregoing document to be electronically filed with the Clerk of Court for the U.S. District Court for the Northern District of Texas, Dallas Division, using the electronic case filing system of the Court. The electronic case filing system will send a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept the Notice as service of this document by electronic means:

Dolena T. Westergard, Esq.
Assistant District Attorney
133 N. Riverfront Blvd., LB 19
Dallas, Texas 75207
(214) 653-3692 (Telephone)
(214) 653-2899 (Telecopier)

Jeffrey W. Hightower, Jr., Esq.
Hightower Law Firm
9400 North Central Expressway
Suite 1207
Dallas, Texas 75231
(214) 580-9800 (Telephone)
(214) 580-9804 (Telecopier)

Notice will also be sent to the following individuals who have not consented to accept service by electronic means:

Mr. Mario Guevara
1000 Throckmorton Street
Suite G112
Fort Worth, Texas 76102
(214) 558-1387 (Telephone)

_____
Ryan K. Lurich



EXHIBIT

A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LOIS MARTIN,                        §
      Plaintiff,                 §
                       §
                       §
VS.                                 §        CIVIL ACTION
                       §        NO. 3:10-CV-0260-O
                       §
DALLAS COUNTY, et al.,              §
      Defendants.                §

## DEFENDANT DALLAS COUNTY'S RULE 26(a)(1) INITIAL DISCLOSURES

**TO:   Plaintiff Lois Martin, by and through her counsel of record Jeffrey W. Hightower, Jr., via jeff@hightowerlawoffice.com**

Pursuant to Fed.R.Civ.P. 26(a)(1), Defendant Dallas County ("County") makes the following disclosures.

**A.    Individuals Likely to Have Discoverable Information**

There are no individuals likely to have discoverable information known to the County who are not also set forth in the Initial Disclosures the County received from the Plaintiff on April 1, 2010.

**B.    Description of Documents and Things**

There are no documents or things now known to the County to be relevant to this case which are not also set forth in the Initial Disclosures the County received from the Plaintiff on April 1, 2010, with these exceptions: (1) the personnel file of Lois Martin and (2) correspondence received by the County regarding the grievance of sexual harassment filed by Lois Martin and (3) Dallas County Policies regarding grievances and complaints of sexual harassment. These

*Defendant Dallas County's Rule 26(a)(1) Initial Disclosures-Page 1*

documents will be produced upon a proper request for production under the federal rules.

Respectfully submitted,

CRAIG WATKINS
DISTRICT ATTORNEY

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
ASSISTANT DISTRICT ATTORNEY
FEDERAL LITIGATION DIVISION
TEXAS BAR NO. 21219800
133 N. RIVERFRONT BLVD., LB 19
DALLAS, TEXAS 75207-4399
(214) 653-3692
(214) 653-2899 (FAX)

ATTORNEYS FOR DEFENDANT
DALLAS COUNTY

## CERTIFICATE OF SERVICE

I certify this document was served on Plaintiff's counsel, as set forth above, on April 16, 2010. I certify this document was served on Defendant Guevara by e-mail, gwmcg@yahoo.com, on April 16, 2010.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD



EXHIBIT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOIS MARTIN,<br>    Plaintiff, | §<br>§<br>§ | |
| VS. | §<br>§ | CIVIL ACTION<br>NO. 3:10-CV-0260-O |
| | §<br>§ | |
| DALLAS COUNTY, et al.,<br>    Defendants. | §<br>§ | |

## DEFENDANT DALLAS COUNTY'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORY TO THE COUNTY OF DALLAS

TO:    Plaintiff Lois Martin, by and through her counsel of record Ryan K. Lurich., via rlurich@hotmail.com and facsimile (972) 776-5313

COMES NOW Defendant Dallas County ("the County"), pursuant to Fed.R.Civ.P. 33, and submits its response to Plaintiff's first set of interrogatories.

INTERROGATORY NO. 1:

Please identify by name, address, and telephone number each person who provided any information or documents utilized in compiling answers to any of these Interrogatories.

ANSWER:  No documents were used to answer these interrogatories other than Plaintiff's pleadings and the County's pleadings. These answers were based on those pleadings or based on the County's legal position in this action, which is based on the advice of counsel.

INTERROGATORY NO. 2:

Please identify by name, address and telephone number each person who you plan to call to testify live at trial and provide a brief description of the testimony you intend to elicit from each person.

ANSWER:  At this point the County has not determined who it will call to testify should this matter go to trial.

INTERROGATORY NO. 3:

Please identify each and every particular allegation in Plaintiff's First Amended Complaint filed herein which you assert is false or inaccurate, detail specifically each and every way you assert

*Defendant Dallas County's Response to Plaintiff's First Set of Interrogatories – Page 1 of 6*

such allegation is false or inaccurate, and identify the true or accurate facts which demonstrate the falsity of inaccuracy of such allegations.

ANSWER: The County objects to this interrogatory. The interrogatory is multi-faceted, both in the reference to "each and every particular allegation" and in reference to what information the County is required to give with respect to each and every particular allegation. There are already 15 interrogatories asked in this case. If the County is required to answer all of the questions hidden within this one interrogatory, then the County will be required to answer in excess of the allowed 25 interrogatories.

Subject to these objections:

The County states that is unable to determine whether paragraphs 6, 7, 8, 9, 10, 11, 12 and a portion of 13 of Plaintiff's first amended complaint are true or false. These allegations concern events to which the County was not privy. The County has no way to determine that Plaintiff's allegations are truthful without accepting them at face value, which the County does not do.

The County does not believe that any of its actions again Plaintiff, as set forth in paragraphs 13 and 14, were taken in retaliation for any type of complaint she may have made or filed. The County actually encouraged employees to make complaints to it where any employee believed he or she had been the victim of any unlawful conduct by a supervisor or official. The County expressly provided a mechanism for her to lodge her complaints and expressly provided that use of that complaint system was not a basis for retaliation against an employee.

The County is unable to determine the truth or falsehood of the allegations set forth in paragraphs 15 and 16 of Plaintiff's first amended complaint. Those allegations concern event to which the County as not privy.

Paragraphs 17-28 of the first amended complaint are all legal contentions. The County's position with regard to these contentions is already set forth in its answer in this action.

As to paragraph 43, the County is not privy to any damages Plaintiff claims to have suffered.

As to paragraph 46, all conditions precedent have not been met because the Plaintiff failed to file the requisite claims with the Equal Employment Opportunity Commission and/or the Texas Human Rights Commission, as well as failed to give timely written notice to the County of her claims against it.

INTERROGATORY NO. 4:

For each consulting expert who is not expected to testify at the trial of this cause of action, but whose work product was reviewed either in whole or in part by any testifying expert, state the following:

    a.    the expert's name, address, and telephone number;

    b.    the facts known by the expert that relate to or form the basis of the expert's

mental impressions and opinions formed or made in connection with the case, regardless of when and how the factual information was acquired;

c.   the expert's mental impressions and opinions formed or made in connection with the case, and any method used to derive them;

d.   any bias of the expert;

e.   the expert's resume and bibliography; and

f.   the name of the testifying expert who reviewed the work product.

ANSWER: No expert of any kind has been consulted or retained.

INTERROGATORY NO. 5:

If you have ever been convicted of a felony or crime involving moral turpitude in the last 10 years, please state the date of the offense, the nature of the offense, the specific charge/indictment brought against you, the county where the offense occurred, and the manner in which the offense was disposed (i.e., acquittal, conviction, plea, deferred adjudication, etc.).

ANSWER: The County, to whom these interrogatories were directed, has not been convicted of any crime.

INTERROGATORY NO. 6:

Please identify (by cause number, court, and the names of all plaintiffs, defendants and other interested parties) all civil lawsuits or proceedings in which claims for sexual harassment have been made against you from January 1, 2000 to the present.

ANSWER: The County objects to this request for these reasons. This interrogatory covers a 10 year time period and is not limited to the department where any sexual harassment of the Plaintiff allegedly occurred. As a result, this interrogatory is overbroad and seeks information that has no relevance to any issue in this action. The term "proceedings" is not defined with any requisite degree of certainty. Without such certainty the County would have to go through all of its employment files for all its employees—present and past—to determine whether there were any "proceedings" alleging sexual harassment. This would impose an enormous burden on the County and there is little likelihood that the relevance of any documents sought, if there are any, would outweigh that burden.

INTERROGATORY NO. 7:

If you have any agreement regarding settlement of any matter regarding the subject matter of this lawsuit or agreement concerning assistance or cooperation with any person or entity concerning this lawsuit, state the following:

a.   whether the agreement has been reduced to writing and, if so, who has possession, custody, or control of the written instrument;

b.   the parties to the agreement;

c.   the date of the agreement; and

    d.     the contents of the agreement.

ANSWER:  There has been no such agreement.

INTERROGATORY NO. 8:

Regarding any person listed by any party to this lawsuit as a person expected to testify at the trial of this matter, do you know of any evidence that any such witness has been charged with and/or convicted of a crime that was a felony or involved moral turpitude?  If so, for each such witness, please identify the type of offense, cause number, court, and county of the offense

ANSWER:  The County has not determined who it will call for trial of this action.

INTERROGATORY NO. 9:

Please identify the factual and legal bases supporting your contention that "Plaintiff has failed to state an actionable claim against it upon which this Court may grant relief under Title VI of the Civil Rights Act, 42 U.S.C. §2000(e), et seq., as amended, or under the Texas Commission on Human Rights Act, Tex. Lab. Code §21.001, et seq. (Vernon 2008)."

ANSWER:  This position is a legal one.  No relief may be granted to Plaintiff against the County because she failed to fully avail herself of all written administrative remedies made available to those who claimed to be subject to sexual harassment.

INTERROGATORY NO. 10:

Please identify the factual and legal bases supporting your contention that "Plaintiff has failed to state an actionable claim for negligence for which the County may be liable under state law."

ANSWER:  This position is a legal one.  The County is not, as a matter of law, liable for any act of negligence, unless there has been a waiver under the Texas Tort Claims Act.  There is no waiver applicable to the facts of this case.

INTERROGATORY NO. 11:

Please identify the factual and legal bases supporting your contention that Plaintiff has failed to mitigate her claim for damages.  When answering this Interrogatory, please identify the actions you claim Plaintiff could have taken, but did not take, that you allege would have mitigated her claim for damages.

ANSWER:  The County is not yet able to answer this interrogatory because any information about mitigation of damages is now solely within the knowledge of the Plaintiff.  The County has not yet conducted discovery to determine what knowledge Plaintiff has regarding this issue.

**INTERROGATORY NO. 12:**

Please identify the factual and legal bases supporting your contention that Plaintiff's claims are barred by the Faragher/Ellerth doctrine. When answering this Interrogatory, please identify the "reasonable care to prevent and correct promptly any sexually harassing behavior and/or hostile work environment and the Plaintiff unreasonably failed to take advantage of the preventative or corrective opportunities provided by the County or to avoid harm otherwise."

**ANSWER:** The basis for this contention is set forth in the County's policy manual regarding sexual harassment. The Plaintiff's delay in complaining about sexual harassment is evidence of her failure to take advantage of opportunities provided to her to avoid harm.

**INTERROGATORY NO. 13:**

Please identify the factual and legal bases supporting your contention that Plaintiff's claim for negligence is barred by the Texas Tort Claims Act.

**ANSWER:** See the Texas Tort Claims Act.

**INTERROGATORY NO. 14:**

Please identify by date and addressee each letter or other communication you, or anyone acting on your behalf, received from Plaintiff or her attorney regarding the claims made the basis of this lawsuit.

**ANSWER:** The County objects to this interrogatory. What letter or communications were sent by Plaintiff and/or her attorney to the County are as accessible, or more so, to Plaintiff as they are to the County.

**INTERROGATORY NO. 15:**

Please identify the factual and legal bases supporting your contention that Plaintiff failed to timely provide the County with written notice of her claim.

**ANSWER:** The Plaintiff failed to submit a written notice of her claim against the County (based on state law) within the applicable time restraints.

Respectfully submitted,

CRAIG WATKINS
DISTRICT ATTORNEY

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
ATTORNEYS FOR DEFENDANT
DALLAS COUNTY

*Defendant Dallas County's Response to Plaintiff's First Set of Interrogatories – Page 5 of 6*

## CERTIFICATE OF SERVICE

I certify that a copy of this response was served on Plaintiff's counsel, as set forth above, on this 13th day of July 2010.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD



EXHIBIT
C

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LOIS MARTIN,                    §
    Plaintiff,               §
                      §
                      §
VS.                             §      CIVIL ACTION
                      §      NO. 3:10-CV-0260-O
                      §
DALLAS COUNTY, et al.,          §
    Defendants.              §

**DEFENDANT DALLAS COUNTY'S RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO THE COUNTY OF DALLAS**

TO:    Plaintiff Lois Martin, by and through her counsel of record Ryan K. Lurich., via rlurich@hotmail.com and facsimile (972) 776-5313

COMES NOW Defendant Dallas County ("the County"), pursuant to Fed.R.Civ.P. 34, and submits its response to Plaintiff's first request for production of documents.

REQUEST FOR PRODUCTION NO. 1:

Any and all communications between you and Mario Guevara regarding the subject matter of this lawsuit.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 2:

Any and all communications between you and any third-party, excluding Plaintiff and your attorneys regarding the subject matter of this lawsuit.

ANSWER: There are no documents sought by this request.

REQUEST FOR PRODUCTION NO. 3:

Any and all communications between you and Plaintiff regarding the subject matter of this lawsuit.

ANSWER: If there are any such documents, they are as accessible to the Plaintiff as they are to the County. On that basis, the County objects to producing any such documents.

*Defendant Dallas County's Response to Plaintiff's First Request for Production – Page 1 of 7*

**REQUEST FOR PRODUCTION NO. 4:**

A copy of the cell phone bills for number (214) 502-0072 for the time period of March, 2008 through December, 2009.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 5:**

Mario Guevara's employee file.

ANSWER: These documents will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUSET FOR PRODUCTION NO. 6:**

Plaintiff's employee file.

ANSWER: These documents will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 7:**

Jaime Cortes' employee file.

ANSWER: The County objects to this request. Jaime Cortes has been a duly-elected Constable of Dallas County at all times material to this suit, and not an employee of Dallas County. There is no information in any file kept by the County when he might have been an employee that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding the Constable would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Constable Cortes.

**REQUEST FOR PRODUCTION NO. 8:**

Ricky D. Hutcherson's employee file.

ANSWER: The County objects to this request. There is no information in any file kept by the County regarding Hutcherson that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Hutcherson would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Hutcherson.

**REQUEST FOR PRODUCTION NO. 9:**

Ken Hines' employee file.

ANSWER: The County objects to this request. There is no information in any file kept by the County regarding Hines that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Hines would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Hines.

**REQUEST FOR PRODUCTION NO. 10:**

Jim Gilliand's employee file.

ANSWER: The County objects to this request. There is no information in any file kept by the County regarding Gilliand that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Gilliand would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Gilliand.

**REQUEST FOR PRODUCTION NO. 11:**

O.C. Albright's employee file.

ANSWER: The County objects to this request. There is no information in any file kept by the County regarding Albright that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Albright would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Albright.

**REQUEST FOR PRODUCTION NO. 12:**

Byron Hopkins's employee file.

ANSWER: The County objects to this request. There is no information in any file kept by the County regarding Hopkins that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Hopkins would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Hopkins.

**REQUEST FOR PRODUCTION NO. 13:**

Rodrick Samples' employee file.

ANSWER: The County objects to this request. There is no information in any file kept by the County regarding Samples that would have any relevance to this dispute, which is solely

between the Plaintiff and Mario Guevara. Any production of any file regarding Samples would be a violation of his privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Samples.

**REQUEST FOR PRODUCTION NO. 14:**

Dr. Mattye Mauldin-Taylor's employee file.

**ANSWER:** The County objects to this request. There is no information in any file kept by the County regarding Dr. Mauldin-Taylor that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Dr. Mauldin-Taylor would be a violation of her privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Dr. Mauldin-Taylor.

**REQUEST FOR PRODUCTION NO. 15:**

Jim Foster's employee file.

**ANSWER:** There are no documents sought by this request. Jim Foster is a duly elected official of Dallas County, not an employee.

**REQUEST FOR PRODUCTION NO. 16:**

Mary Blackwell's employee file.

**ANSWER:** The County objects to this request. There is no information in any file kept by the County regarding Blackwell that would have any relevance to this dispute, which is solely between the Plaintiff and Mario Guevara. Any production of any file regarding Blackwell would be a violation of her privacy rights, as protected at least in part by the Open Records Act. The only purpose for this request is to intimidate or harass Blackwell.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all witness statements regarding the subject matter of this lawsuit.

**ANSWER:** To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents related to any investigation conducted by you regarding the allegations that form the basis of this lawsuit.

**ANSWER:** To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

*Defendant Dallas County's Response to Plaintiff's First Request for Production – Page 4 of 7*

REQUEST FOR PRODUCTION NO. 19:

Dr. Mattye Mauldin-Taylor's file related to Plaintiff and Plaintiff's allegations, including but not limited to her notes regarding conversations had with Plaintiff.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 20:

Any and all documents that mention Plaintiff concerning the subject matter of this lawsuit.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 21

Any and all written or recorded statements made by Plaintiff.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 22:

Your policies and procedures regarding sexual harassment in effect on March, 2008.

ANSWER: These documents will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 23:

Any and all Administrative Warnings (including but not limited to First and Final Warnings) issued to Plaintiff.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 24:

Any and all documents related to any Internal Investigations of Plaintiff.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all documents reflecting the outcome of any Administrative Warnings (including but not limited to First and Final Warnings) issued to and Internal Investigations of Plaintiff.

**ANSWER:** To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all Harassment Incident Reports filed by Plaintiff.

**ANSWER:** To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all documents reflecting the outcome of any Harassment Incident Reports filed by Plaintiff.

**ANSWER:** To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all Notice of Employee Warnings issued to Plaintiff.

**ANSWER:** If there are any such warnings, they will be contained in Plaintiff's employee file, which will be produced.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents reflecting the outcome of any Notice of Employee Warnings issued to Plaintiff.

**ANSWER:** If there are any such warnings, they will be contained in Plaintiff's employee file, which will be produced.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all Formal Grievance Complaints filed by Plaintiff.

**ANSWER:** To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 31

Any and all documents reflecting the outcome of any Formal Grievance Complaints filed by Plaintiff.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 32

Any and all notices to Plaintiff indicating her right to appeal any disciplinary actions or First Warnings or Final Warnings brought against or issued to Plaintiff.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

REQUEST FOR PRODUCTION NO. 33

Any and all duty log sheets or assignment sheets pertaining to Plaintiff during March 1, 2008 through December 31, 2008.

ANSWER: To the extent the County has any such documents, they will be produced to Plaintiff at a time and place convenient to all counsel of record.

Respectfully submitted,

CRAIG WATKINS
DISTRICT ATTORNEY

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD
ATTORNEYS FOR DEFENDANT
DALLAS COUNTY

CERTIFICATE OF SERVICE

I certify that a copy of this response was served, as set forth above, on Plaintiff's counsel on this 13th day of July 2010.

/s/ Dolena T. Westergard
DOLENA T. WESTERGARD

# Lois Martin federal case

From: **Dolena Westergard** (Dolena.Westergard@dallascounty.org)
Sent: Mon 9/20/10 10:13 AM
To:    rlurich@hotmail.com (rlurich@hotmail.com)

Mr. Lurich:

Please accept my apologies for not responding to you sooner.

I have **no objection** at all to correcting the scheduling order to have pretrial disclosures made 30 days before the trial date.

I will scan the documents I already have concerning this case and email them to you today.  I do not yet have all the documents, but I will request them from the various departments today and get them to you as soon as possible.

Again, I apologize.  If my tardiness causes you or your client any delaying in responding to any part of this case, I will of course agree to whatever extension you might need.

Dolena T. Westergard
ADA-Federal Litigation Division



## RE:

From: **Dolena Westergard** (Dolena.Westergard@dallascounty.org)
Sent: Thu 10/14/10 4:42 PM
To:    Ryan Lurich (rlurich@hotmail.com)

Good afternoon, Ryan:

I have read the draft of your motion to compel.

I have no change in my position regarding the initial disclosures, other than to tell you that the County is self-insured, so there is no insurance company or policy involved in this lawsuit.

As to the interrogatories and the County's answers, I stand by those objections.

As to your request for production and the motion to compel, it is not quite correct to say that you have not received a single piece of paper. I sent you an email on September 21 that contained an attachment with 25 pages of documents related to this case. I intend to amend the County's request for production to reflect those documents that the County does not have. As for the documents that we do have, my goal is to produce them to you by October 27.

As for those requests to which the County lodged objections, I stand by those objections.

As for the request for an extension of the discovery deadline for only the Plaintiff to take depositions, I certainly do not agree. It was not until October 12, when you forwarded the draft of your motion to compel, that you mentioned to me for the first time your intent to take any depositions in this case. You have never indicated in any way that you wanted to take the depositions of anyone. Given that your client identified the persons with knowledge in this case as far back as initial disclosures, there is no reason that you could not have arranged for depositions prior to October, prior to 3 days before the discovery deadline.

On another matter, I intend to file a motion for sanctions against your client. Any federal claims are not properly before the court given that your client did not file a complaint with the EEOC. If you dismiss the federal claims with prejudice and agree to the remand of this case to state court, I will not seek such sanctions. I intend to file a motion for summary judgment on November 1 and I will raise this issue, among others, with the court.

Sincerely,
Dolena T. Westergard
ADA-Federal Litigation Division

---

**From:** Ryan Lurich [rlurich@hotmail.com]
**Sent:** Tuesday, October 12, 2010 2:53 PM
**To:** Dolena Westergard
**Subject:**

Dear Ms. Westergard,

Attached please find a draft of Plaintiff's Motion to Compel that I would like to file by the end of this week. I am providing you with a draft of the motion so that we may confer on the merits of the motion. After you have had a chance to review the motion, please call me to discuss.

Very truly yours,
Ryan



EXHIBIT

E

Case 3:10-cv-00260-O   Document 13   Filed 10/15/10   Page 30 of 30   PageID 116

# a serious apology from Dolena Westergard-Lois Martin case

From: **Dolena Westergard** (Dolena.Westergard@dallascounty.org)
Sent: Thu 10/14/10 4:48 PM
To:    rlurich@hotmail.com (rlurich@hotmail.com)

Ryan:

I am very wrong about something I just said in my email to you about the Martin case.  I just realized I
sent the 25  pages of Martin documents to Chris Livingston, not to you. I will fix that immediately.
I apologize!!!!!!
Dolena



EXHIBIT
F