IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LOIS MARTIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-260-O |
| | § | |
| THE COUNTY OF DALLAS and | § | |
| MARIO GUEVARA, | § | |
|     Defendants. | § | |

## **ORDER**

Before the Court are:

1) Defendant County of Dallas's Motion for Summary Judgment (ECF No. 14), Defendant's Brief in Support (ECF No. 15), Plaintiff's Response (ECF No. 27), Plaintiff's Brief in Support (ECF No. 28), Plaintiff's Appendix in Support (ECF No. 29), and Defendant's Reply (ECF No. 35);

2) Plaintiff Lois Murphy's Motion for Partial Summary Judgment (ECF No. 17), Plaintiff's Brief in Support (ECF No. 18), Plaintiff's Appendix in Support (ECF No. 19), Defendant's Response (ECF No. 30), and Defendant's Brief in Support (ECF No. 31); and

3) Plaintiff's Motion to Compel (ECF No. 13) and Defendant County of Dallas's Response (ECF No. 20).

I.  Background

Plaintiff Lois Martin ("Martin" or "Plaintiff") brings this claim against Dallas County, Texas ("Defendant") and Mario Guevara ("Guevara") alleging sexual harassment and retaliation during the time that Martin worked under Jamie Cortes, Constable of Precinct 5. Martin alleges that Cortes

placed her under the supervision of Guevara where she was subject to inappropriate touching, comments, and text messages. Pl.'s First Am. Compl. ¶¶ 6-12. The comments and actions by Guevara allegedly began in March 2008 and eventually reached a level where Martin felt compelled to take medical leave from her job. *Id.* ¶¶ 6, 13. Martin states that Guevara began as her Field Training Officer, where he had control over her training, work load, and assignments. Pl.'s App. Supp. Pl.'s Resp. Def.'s Mot. Summ. J. 002, ECF No. 29.

On October 9, 2008, Martin made a formal complaint to the Human Resources Department. Aff. Mattye Mauldin-Taylor, Ph.D., Supplemental App. Supp. Def.'s Mot. Summ. J. 02, ECF No. 33. Guevara voluntarily resigned the next day. *Id.* Following the filing of her complaint, Martin alleges several instances of retaliation. First Am. Compl. ¶ 14. In December 2008, Martin was informed that she would be transferred to Precinct 2. *Id.*

On May 5, 2009, Martin went to the United States Equal Employment Opportunity Commission ("EEOC") to file a complaint and initiate an administrative proceeding. *Id.* ¶ 16. Although she did not at the time remember who she spoke to, she later determined that a representative named Doris Brown opened an inquiry into her case. Pl.'s App. Supp. Pl.'s Resp. Def.'s Mot. Summary J. 003, ECF No. 29. After informing the representative that she had been transferred to another precinct and Guevera had resigned, Martin asserts that the representative informed her that nothing else could be done. Pl.'s First Am. Compl. ¶ 16. Martin therefore did not file a complaint with the EEOC. *Id.*

II.     Legal Standard

    A.     **Summary Judgment**

Summary judgment is proper when the pleadings and evidence on file show "that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1]  "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*  The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

Summary judgment may not be awarded by default merely because the nonmoving party has failed to respond. *See Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985); *see also Ford-Evans v. Smith*, 206 Fed. App'x 332, 334 (5th Cir. 2006). A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. *Simco Enterprises, Ltd. v. James River Ins. Co.*, 566 F. Supp.

---

[1] Effective December 1, 2010, Rule 56 of the Federal Rules of Civil Procedure has been amended in order "to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts." Fed. R. Civ. P. 56 advisory committees' note. As the Committee Note to Rule 56 states, "[t]he standard for granting summary judgment remains unchanged." *Id.*

2d 555, 560 (E.D. Tex. 2008). The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (quoting *Hibernia Nat'l Bank*, 776 F.2d at 1279). In making its determination on the motion, the court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56 (c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988).

**B.    Title VII**

A plaintiff alleging employment discrimination, retaliation, or harassment under Title VII, and the ADA, as Plaintiff has done in the present case, must exhaust administrative remedies before pursuing claims in federal court. 42 U.S.C. § 2000e-5(f)(1); 42 U.S.C. § 12117(a); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 181 (5th Cir. 2002) (ADA); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (Title VII); *Thomas v. Atmos Energy Corp.*, 223 Fed. Appx. 369, 376 (5th Cir. 2007) ("The filing of an administrative complaint is a prerequisite to a Title VII suit."). A plaintiff exhausts administrative remedies by filing a charge of discrimination with the EEOC within three hundred days of the alleged discriminatory or retaliatory acts, and files suit within ninety days after receipt of the EEOC's notice of right to sue. *See Taylor*, 296 F.3d at 378-79. If a claim is not filed within the three hundred day statutory time limitation, it is time-barred. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). Congress intended this period to act as a statute of limitations. *Webb v. Cardiothoracic Surgery Assocs. of N. Tex. P.A.*, 139 F.3d 532, 537(5th Cir. 1998).

**C.    Compel Discovery**

A district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse. *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001) (quoting *Kelly v. Syria Shell Petroleum Dev. B. V.*, 213 F.3d 841, 855 (5th Cir. 2000)). The party posing discovery may move to compel the disclosure of any materials requested so long as such discovery is relevant and otherwise discoverable. *See* Fed. R. Civ. P. 37; *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006). Materials and information are discoverable if they are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). The materials and information do not have to be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.*

The moving party bears the burden of showing that the materials and information sought are relevant to the action and would lead to admissible evidence. *Knight,* 241 F.R.D. at 263. Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show why the discovery is irrelevant, overly broad, unduly burdensome, oppressive, subject to a privilege exemption from discovery, or should otherwise not be permitted. *See Briones v. Smith Diary Queens, Ltd.*, No. V-08-48, 2008 WL 4630485 at *1 (S.D. Tex. Oct. 16, 2008); *Fair Isaac Corp. v. Tex. Mut. Ins. Co.*, No. H-05-3007, 1006 WL 3484283, *1 (S.D. Tex. Nov. 30, 2006).

III.   Analysis

    **A.   Summary Judgment**

Plaintiff brings a motion for partial summary judgment of all claims she alleges against the County of Dallas. *See* Pl.'s Mot. Partial Summ. J., ECF No. 17. Defendant moves for dismissal of

Plaintiff's claims under Title VII of the Civil Rights Act of 1964 and remand of all state law claims. *See*. Def.'s Mot. Summ. J., ECF No. 14.

As an initial matter, Defendant states that the Court lacks jurisdiction to hear Plaintiff's Title VII claims because of Martin's failure to timely file a complaint with the EEOC. Def. Mot. Summ. J. 3, ECF No. 15. Title VII states that a complaint must be filed with the EEOC within three hundred days, however, the Supreme Court held that the timely filing of a charge with the EEOC is "not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). The Fifth Circuit found that equitable tolling may be appropriate when the EEOC "'mislead[s] the plaintiff about the nature of her rights.'" *Ramirez*, 312 F.3d at 183 (quoting *Blumberg v. HCA Mgmt. Co., Inc.*, 848 F.2d 642, 645 (5th Cir. 1988)). Equitable doctrines such as this "are to be used sparingly." *Id.* (quoting *Nat'l R. R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002)). The party invoking equitable tolling or waiver has the burden of proving that it applies in this case. *Id.*

Defendant argues that no equitable tolling exception applies in the instant case because Martin never actually filed a complaint to be tolled. Def.'s Reply 2-3, ECF No. 35. But, in *Zipes*, the Supreme Court referred to the possibility of "waiver, estoppel, and equitable tolling." 455 U.S. at 393. Therefore, the exception discussed by Plaintiff may apply despite her failure to file a complaint at all. Plaintiff stated in her Complaint (ECF No. 7), Declaration (ECF No. 19), and Supplemental Declaration (ECF No. 29) that she was told by the EEOC that she did not have a claim and therefore should not file a complaint. At this time, there is a genuine dispute as to material facts regarding whether Martin can show that she was actively misled by the EEOC. The factual dispute

makes it inappropriate for the Court to decide this matter on a motion for summary judgment. *See* Fed. R. Civ. P. 56(a).

Additionally, after considering both Plaintiff and Defendant's motions for summary judgment (ECF Nos. 14, 17), the arguments of the parties, and all admissible evidence properly in the record, pursuant to Federal Rule of Civil Procedure 56, the Court finds that there are genuine disputes of material fact that prevent the entry of summary judgment in favor of either party on any claims. Therefore, finding that neither party is entitled to judgment as a matter of law, the pending motions for summary judgment (ECF Nos. 14, 17) must be and are hereby **DENIED.**

**B.    Compel Discovery**

Plaintiff's Motion to Compel discusses (1) Defendant's initial disclosures, (2) incomplete interrogatories, (3) requests for production, and (4) an extension for depositions. *See* Pl.'s Mot. Compel, ECF No. 13.

1.    Initial Disclosures

Plaintiff seeks additional information from Defendant's initial disclosures including copies of documents discussed. Although Plaintiff is correct is stating that Rule 26 of the Federal Rules of Civil Procedure requires a party to provide either a copy or a description and location of all documents, it appears from Defendant's response that the three documents discussed by Martin in her motion have since been supplied. Defendant states its intention to provide Martin's personnel file, and correspondence regarding Martin's grievance and the Dallas County Policies have since been filed on the record with the Court. *See* Def. Resp. Pl.'s Mot. Compel 4, ECF No. 20. Therefore, Plaintiff's request for additional disclosures is **DENIED as moot**.

2.    Interrogatories

Plaintiff objects to the incomplete or lack of answers to interrogatories 2, 3, 8, 12, 13, 14, and 15. Pl.'s Mot. Compel, ECF No. 13. As stated by Defendant, interrogatories 2 and 8 require Defendant to provide a witness list prior to the time required by the Federal Rules of Civil Procedure. Therefore, Defendant is not obligated to answer interrogatories 2 or 8. Interrogatory 3 asks Defendant to "identify each and every particular allegation in Plaintiffs's First Amended Complaint filed herein which you assert is false or inaccurate, detail specifically each and every way you assert such allegation is false or inaccurate, and identify the true or accurate facts which demonstrate the falsity or inaccuracy of such allegations." *Id.* 6-7. The Court agrees with Defendant that the multi-faceted question leads to Plaintiff exceeding the number of interrogatories allowed by Rule 33 of the Federal Rules of Civil Procedure. Despite stating its objections, Defendant still responded to the interrogatory, and the Court finds that the response is sufficient.

Interrogatories 12 and 13 ask that Defendant provide the factual and legal bases for their contentions regarding the *Faragher/Ellerth* doctrine and the Texas Tort Claims Act. Interrogatory 14 asks that Defendant provide Plaintiff with a list of any communications received by the Defendant from Plaintiff or her Attorney regarding her claims in this lawsuit. Although Defendant is correct that Plaintiff likely has this information, the Court agrees that such information may be relevant to Plaintiff's efforts to prove that Defendant had notice of her claims. Interrogatories 12, 13, and 14 appear to ask for relevant information, and Defendant has not shown that answers would be "overly broad, unduly burdensome, oppressive, subject to a privilege exemption from discovery, or should otherwise not be permitted." *See Briones*, No. V-08-48, 2008 WL 4630485, at *1. Therefore, Defendant is required to provide Plaintiff with a complete answer to each of these interrogatories.

Interrogatory 15 asks Defendant to identify the factual and legal basis for its contention that Plaintiff failed to provide written notice of her claim. As Rule 33 allows interrogatories on fact as well as the application of law to fact, the Court finds this to be a relevant question. *See* Fed. R. Civ. P. 33(a)(2). Although relevant, it appears that this question has been covered in the motions for summary judgment, responses, and replies; thus, this request is **DENIED as moot**.

In summary, the Court **DENIES** Plaintiff's request to compel Defendant to answer interrogatories 2, 3, 6, and 15. However, the Court **ORDERS** Defendant to provide answers to interrogatories 12, 13, and 14.

### 3. Requests for Production

As of the time of the filing of Plaintiff's Motion to Compel, Defendant had not yet complied with Requests 1, 4, 5, 6, 17, 20-33. In its response, Defendant stated that several of these documents have been produced, and for the rest, Defendant was amending its response to the requests to show that they had already been produced or Plaintiff already had a copy. Def's Resp. Pl's Mot. Compel 4, ECF No. 20. To the extent these documents were provided or the question of their production has been resolved, Plaintiff's request is **DENIED as moot**.

Requests 7-14 and 16 asked the Court to compel the production of several employee files. Defendant objects to these requests on the basis of privacy rights and relevance. The additional employee files may contain information related to statements the employees made regarding treatment of Martin. Materials and information are discoverable if they are "relevant to any party's claim or defense." Fed. R. Civ. P. 26. Plaintiff acknowledges that some information contained within the documents would need to either be withheld or redacted. Again, Defendant has not shown that the production of this relevant information would be "overly broad, unduly burdensome,

oppressive, subject to a privilege exemption from discovery, or should otherwise not be permitted." *See Briones*, No. V-08-48, 2008 WL 4630485, at *1. Therefore, Plaintiff's Motion to Compel the production of requests 7-14 and 16 should be and is hereby **GRANTED**. Defendant may request a protective order to limit the Plaintiff's use of the requested files.

        4.       Depositions

Plaintiff requests that she be allowed an additional period of forty-five days to take depositions. However, Plaintiff had more than six months from the time of the entry of the Court's Scheduling Order (ECF No. 9) until she filed the motion to compel on the day of the discovery deadline to take the requested depositions. The Court has broad discretion in determining issues regarding discovery. *Beattie*, 254 F.3d at 606. Plaintiff has not provided an adequate reason for why the depositions could not be taken earlier within the litigation. Therefore, the Court finds that Plaintiff's request to take additional time for depositions is **DENIED**.

IV.    Conclusion

For the foregoing reasons, the Court finds that Plaintiff's Motion for Partial Summary Judgment (ECF No. 17) and Defendant's Motion for Summary Judgment (ECF No. 14) should be and are hereby **DENIED**.

Additionally, Plaintiff's Motion to Compel (ECF No. 13) is **GRANTED in part** and **DENIED in part**. Accordingly, Defendant is **ORDERED**, to the extent still requested, to supply Plaintiff with answers to Interrogatories 12, 13, and 14 and to produce the employee files discussed in Requests 7-14 and 16, with any personal or private information removed or redacted, no later than **Friday, January 21, 2011**. Defendant may request an appropriate protective order to safeguard any private information available in the employee files only if the parties are unable to agree on how to

treat the information.

Plaintiff contends that she is entitled to attorney's fees in connection with her Motion to Compel. As Plaintiff's motion was granted in part and denied in part, the Court declines to award attorney's fees.

**SO ORDERED** on this **14th** day of **January, 2011.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**